410 F.2d 752
 COMMISSIONER OF INTERNAL REVENUE, Petitioner,
v.
Richard H. TURNER and Emily D. Turner, Respondents.
COMMISSIONER OF INTERNAL REVENUE, Petitioner,
v.
Richard H. TURNER and James F. McClelland, Jr., Special Administrators of the Estate of Pamela T. Turner, Deceased, Respondents.
 No. 19010.
 No. 19011.
 United States Court of Appeals Sixth Circuit.
 May 15, 1969.
 As Corrected June 12, 1969.
 
 Stanley L. Ruby, Atty., Dept. of Justice, Washington, D. C., for petitioner; Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Jonathan S. Cohen, Attys., Dept. of Justice, Washington, D. C., on brief.
 Harry S. Stark, Detroit, Mich., for respondents; Morris, Stark, Rowland, Regan & Reagan, Detroit, Mich., on brief.
 Before WEICK, Chief Judge, COMBS, Circuit Judge, and GORDON, District Judge*.
 PER CURIAM.
 
 
 1
 This case involved the question whether a taxpayer, who transferred shares of stock to her children and to trustees of her grandchildren upon the agreement by the children to reimburse her for the gift tax and the agreement by the trustees to make reimbursement out of the corpora of the trusts, realized taxable income on the amounts paid to her pursuant to said agreements.
 
 
 2
 In the Tax Court, the Commissioner of Internal Revenue conceded that the amounts paid by the trustees to the doner were not taxable to her for the reason that the trustees did not personally agree to make the payments, but agreed only to reimburse her for the gift tax out of the corpora of the trusts. The Commissioner makes the same concession in this Court, although for a different reason.
 
 
 3
 The Tax Court, in a well-considered opinion written by Judge Fay, reported in 49 T.C. 356, found that the transaction constituted a net gift and not a part sale, part gift, as contended by the Commissioner, and that the donor did not realize taxable income as a result thereof.
 
 
 4
 The Tax Court also held that a donee's basis under Section 1015(a) of the Internal Revenue Code of 1954 (26 U.S.C. 1964 ed. § 1015) is the same as the donor's basis, and that under Section 1223(2) the donee is entitled to include the period of time the shares were held by the donor in determining the period during which the stock was held prior to a sale made by donee.
 
 
 5
 We are of the opinion that the Tax Court correctly decided the issues in this case, and we affirm on the opinion of Judge Fay.
 
 
 
 Notes:
 
 
 *
 Honorable James F. Gordon, United States District Judge for the Western District of Kentucky, sitting by designation